# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| FRANCISCO JAVIER ROMERO-BARAJAS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:17-CV-228-DAK<br><br>The Honorable Dale A. Kimball |

This matter is before the court on Petitioner Francisco Javier Romero-Barajas's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On October 7, 2013, Mr. Romero-Barajas and a co-defendant were named in an indictment charging them with conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On December 15, 2014, Mr. Romero-Barajas pleaded guilty to that charge under Federal Rule of Criminal Procedure 11(c)(1)(C). Under the terms of the signed "Statement By Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C)," Mr. Romero-Barajas also agreed to waive his appellate and collateral review rights.

Pursuant to the terms of the agreement, the court sentenced Mr. Romero-Barajas to 108 months of imprisonment followed by a term of supervised release of 60 months. On March 10, 2015, the court entered judgment against Mr. Romero-Barajas, and Mr. Romero-Barajas did not file an appeal.

As an initial matter, Mr. Romero-Barajas's waiver of collateral review rights is valid and enforceable. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) ("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is

expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."). But an exception to the waiver exists when the petitioner is claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement. *See Id.* ("[A] waiver may not be used . . . to deny review of a claim that the agreement was entered into with ineffective assistance of counsel." (citation omitted)). In this case, although Mr. Romero-Barajas claims that his counsel was ineffective, he is not claiming that the ineffectiveness of his counsel affected his decision to agree to waive his appellate and collateral review rights. *United States v. Frazier-LeFear*, 665 Fed. Appx. 727, 730 (10th Cir. 2016) (clarifying that exceptions to the waiver are "inapplicable to errors distinct from the waiver itself"). Therefore, Mr. Romero-Barajas waived his right to attack his sentence in the very manner that he is attempting to attack it through this petition, so his petition should be denied.

Even if the court considered the merits Mr. Romero-Barajas's petition, his petition would fail because it is barred by the statute of limitations and because the court already considered and rejected Mr. Romero-Barajas's main argument. "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought under § 2255.

> The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Judgment in Mr. Romero-Barajas's underlying criminal case was entered on March 10, 2015. Mr. Romero-Barajas had 30 days to file an appeal, which he chose not to do. Therefore, the Judgment became final on April 9, 2015, and the one-year statute of limitations began to run. Absent an event restarting the one-year period, Mr. Romero-Barajas would be time barred from filing a petition after April 9, 2016, which would include his § 2255 petition, filed March 23, 2017. Therefore, Mr. Romero-Barajas's petition is time barred.

Mr. Romero-Barajas does not argue that his petition falls within one of the other statutory limitations periods. Instead, Mr. Romero-Barajas argues that he filed his § 2255 petition because he had not received an answer from the court regarding his Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782, which he filed with the court on September 12, 2016. However, the court entered an order denying that motion on January 17, 2017. Therefore, even if his reason for filing a § 2255 petition after the one-year deadline were sufficient to render his petition timely, Mr. Romero-Barajas's petition would still fail because it is based on the failure of the court to enter an order that the court has already entered.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005)

(quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court concludes that Mr. Romero-Barajas has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a Certificate of Appealability. If Mr. Romero-Barajas wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

For the reasons above, Mr. Romero-Barajas's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE he waived his right to collateral review of his sentence and because his petition is barred by the statute of limitations and lacks merit.

DATED this 5th day of June, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge